UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CECIL TIBBETTS and DAVID THURBER,

        Plaintiffs,

v.

STATE ACCIDENT INSURANCE FUND
CORPORATION, an Oregon corporation, and
BRENDA ROCKLIN and THEODORE
KULONGOSKI, individually and in their official
capacities,

        Defendants.

Civil No. 06-503-AS

ORDER

HAGGERTY, Chief Judge:

        Plaintiffs allege that when they were terminated from defendant State Accident Insurance Fund Corporation (SAIF), they suffered breaches of contract regarding promises involving various issues, including performance bonuses for past work, thirty-day advance notices for

1 - ORDER

discharge, and guaranteed severance pay. Plaintiffs allege that SAIF's failure to pay bonuses and severance is a violation of Oregon's wage statutes. Plaintiffs also claim that defendants Brenda Rocklin and Governor Theodore Kulongoski violated their constitutional rights that protect them against the deprivation of liberty interests that arose in connection with their terminations. These rights arise under the Fourteenth Amendment to the United States Constitution.

Magistrate Judge Ashmanskas issued a Findings and Recommendation [44] in this action that recommended that defendants' Motion for Summary Judgment [15] be denied. Defendants argued for summary judgment on grounds that SAIF was not contractually bound to pay either plaintiff a bonus for work performed in 2004 and there was no binding contract that obligated SAIF to provide severance pay or advance notice of discharge. Defendants also contended that the undisputed facts fail to support a claim for a Fourteenth Amendment violation and, even if they did, defendants Rocklin and Kulongoski should be entitled to good faith qualified immunity for their conduct in discharging plaintiffs.

The Findings and Recommendation concluded that defendants' Motion for Summary Judgment should be denied. Defendants object to the Findings and Recommendation's specific conclusions that defendants Rocklin and Kulongoski failed to establish their entitlement to qualified immunity, and that these defendants failed to establish as a matter of law that neither "made comments of a stigmatizing nature towards plaintiffs." Dfts. Objections at 15. In their Objections, defendants reassert that they are entitled to summary judgment on plaintiffs' Fourteenth Amendment claim. *Id.*

The court notes that defendants asserted no objections to the conclusions presented in the Findings and Recommendation regarding plaintiffs' other claims. When no timely objection is

2 - ORDER

filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept recommendations of the Magistrate Judge. *Campbell v. United States District Court*, 501 F.2d 196 (9th Cir. 1974). No clear error appears on the face of the record regarding the conclusions to which no objections have been asserted. The Findings and Recommendation is adopted as to the conclusions that defendants are not entitled to summary judgment on any of plaintiffs' claims other than their Fourteenth Amendment claim.

Defendants' objection as to the Findings and Recommendation's conclusion regarding plaintiffs' Fourteenth Amendment claim invokes a different standard of review. When a party objects to any portion of a Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The objections were filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the entire record. Defendants' objections are overruled.

## ANALYSIS

Magistrate Judge Ashmanskas provided a thorough analysis of the facts and circumstances in this action, and this need not be repeated here. Defendants' objections concern whether defendants are entitled to summary judgment on plaintiffs' fourth claim, which asserts that both Rocklin and Kulongoski violated plaintiffs' "liberty interest protected by the due process clause of the Fourteenth Amendment to be free from false charges made under color of law." Plaintiffs seek a "name clearing hearing" and seek to recover damages caused by the alleged denial of due process.

3 - ORDER

The parties do not dispute the standards recognized by the Findings and Recommendation as being applicable for analyzing this claim:

> In order to be entitled to the procedural protections of the Fourteenth Amendment, a plaintiff must demonstrate that defendants' actions deprived him [or her] of a property or liberty interest. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985); *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 82 (1978). "A section 1983 claim based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. Co. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).
>
> A government employee has a constitutionally protected property interest in continued employment when the employee has a legitimate claim of entitlement to their position. *Id.*; *accord Dennison v. City of Phoenix*, 2007 WL 656440, *6 (D. Or. 2007). "To implicate constitutional liberty interests, however, the reasons for dismissal must be sufficiently serious to 'stigmatize' or otherwise burden the individual so that he is not able to take advantage of other employment opportunities." *Portman*, 995 F.2d at 907. One deprived of such an interest is entitled to a name clearing hearing, provided they can show that (1) the accuracy of the charge is contested, (2) there was some public disclosure of the charge, and (3) the charge was made in connection with termination of employment." *Matthews v. Harney Co. Oregon School Dist. No. 4*, 819 F.2d 889, 892 (9th Cir. 1987).
>
> * * *
>
> Qualified immunity shields government officials from liability for civil damages if their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. *Somers v. Thurman*, 109 F.3d 614, 616-17 (9th Cir. 1997). To survive summary judgment it is not enough for plaintiffs to allege a deprivation of their liberty interests. *Backlund v. Barnhart*, 778 F.2d 1386, 1389 (9th Cir. 1985). Plaintiffs must plead and prove that defendants "violated a particular clearly established right." *Id.* In the Ninth Circuit, "[t]he qualified immunity test necessitates three inquiries: (1) the identification of the specific right allegedly violated; (2) the determination of whether that right was 'so clearly established' as to alert a

4 - ORDER

> reasonable officer to its constitutional parameters; and (3) the ultimate determination of whether a reasonable officer could have believed lawful the particular conduct at issue." *Romero v. Kitsap Co.*, 931 F.2d 624, 627 (9th Cir. 1991).

Findings and Recommendation at 35-36; 40-41.

Defendants first argue that Kulongoski is entitled to qualified immunity because there were no actions on the part of the Governor that could have violated plaintiffs' liberty interests. This objection is overruled. On February 15, 2005, approximately nineteen days after plaintiffs were terminated, Kulongoski issued a Press Release, noting that an "Initial Report" disseminated that day by defendant Rocklin was part of a "top-to-bottom" review of SAIF he had ordered, and he opined that the report "identifies the need for some significant changes in how SAIF conducts business." Later, following the completion of a criminal investigation into SAIF, Kulongoski issued another press release:

> after I asked for an investigation, I made a change in leadership at SAIF. When I appointed Brenda Rocklin as interim CEO, I asked her to take strong measures to restore full accountability and transparency to the agency. * * * [E]ven though the DA's report identified some troubling behavior, a new culture exists among SAIF's senior management and employees – a culture of honesty, openness, and commitment to serving the people of Oregon.

Defendants object that this conduct should be construed as too weakly connected to plaintiffs' terminations to support a claim that Kulongoski violated plaintiffs' liberty interests, primarily because his statements fail to name plaintiffs specifically. However, plaintiffs have established sufficient grounds to survive summary judgment. Defendants' objections pertain to the *weight* of the relevant evidence against the Governor. The Findings and Recommendation concluded correctly that a jury must decide "whether the manner of the dismissals was such that

5 - ORDER

Tibbetts and Thurber were stigmatized or otherwise burdened in their ability to take advantage of other employment opportunities." Findings and Recommendation at 39. Evidence of Kulongoski's public dissemination of impressions regarding the prior "culture" among SAIF's senior management and employees before he oversaw plaintiffs' terminations is sufficient to conclude that summary judgment is inappropriate.

Similarly, defendants' assertion that a reasonable official in Kulongoski's position would not have been cognizant of plaintiffs' rights to a "name-clearing hearing" in 2004 and 2005 also fails. Defendants argue that there is no legal authority for the proposition that a reasonable official should have known that press releases and public statements of the manner issued by Kulongoski would be viewed as violating the liberty interests of persons in plaintiffs' positions. However, the Findings and Recommendation cited to a number of such authorities:

> The parameters of the Fourteenth Amendment right of public employees to a name clearing hearing have been discussed in numerous opinions from the United States Supreme Court, the Ninth Circuit, and the District of Oregon. *See, e.g., Codd* [*v. Velger*], 429 U.S. 624 [(1977)]; *Ulrich v. City and Co. of San Francisco*, 308 F.3d 968 (9th Cir. 2002); *Portman*, 995 F.2d 898; *Barton v. City of Portland*, 242 F. Supp.2d 893 (D. Or. 2002).
>
> Indeed, in 1977, the Supreme Court determined that due process requires a hearing on the discharge of a government employee "if the employer creates and disseminates a false and defamatory impression about the employee in connection with his termination. . . . " *Codd*, 429 U.S. at 628 (*per curiam*). That holding occurred almost thirty years prior to the alleged conduct in this case and is applicable here.

Findings and Recommendation at 41.

Defendants object that the Findings and Recommendation "failed to make the 'ultimate determination of whether a reasonable officer [in Kulongoski's position] could have believed'"

6 - ORDER

that the particular conduct at issue was lawful. Dfts. Objections at 7 (citing *Romero*, 931 F.2d at 627) (alteration in original). As the *Romero* court instructed, "when qualified immunity is at stake, a court must first determine whether the law has been clearly established," and if so, the court "must then decide whether a reasonable officer would have known that his [or her] conduct violated rights." *Romero*, 931 F.2d at 628 (citation omitted). The Ninth Circuit then acknowledged that the "third step in the inquiry" may give rise to "genuine issues of material fact surrounding the reasonableness of the officer's conduct," and that "it is within the court's discretion to permit limited discovery" to so determine. *Id.* at 627-28 (citation omitted).

The Findings and Recommendation concluded correctly that the law regarding employees' rights to name-clearing hearings was clearly established long before 2004 and 2005, and that a reasonable official at that time should have known that conduct involving press releases and public statements that disseminate a false and defamatory impression about terminated employees violated rights. Findings and Recommendation at 41-42. Defendants' arguments are overruled.

Next, defendants raise identical or similar objections to the Findings and Recommendation's conclusion that defendant Rocklin is not entitled to qualified immunity. Defendants argue first that plaintiffs have failed to "allege any facts showing that Rocklin's alleged conduct violated a constitutional right," because her public comments were sufficiently veiled against being perceived as criticisms of plaintiffs. Defendants argues that Rocklin "did not publicly comment on the reasons why plaintiffs were discharged" and did not "level false and defamatory charges against them." Dfts. Objections at 9. Whether or not these assertions are accurate, the more precise question presented here, as addressed above, is whether Rocklin

7 - ORDER

possibly disseminated "a false and defamatory impression" about plaintiffs' terminations. *Codd*, 429 U.S. at 628 (*per curiam*). The Findings and Recommendation thoroughly reviewed the evidence presented that establishes why Rocklin is not entitled to summary judgment on plaintiffs' Fourteenth Amendment claim. Findings and Recommendation at 37-39.

Defendants also object to the conclusion that Rocklin is not entitled to qualified immunity, reasserting that a reasonable official would not have known that the alleged conduct was unlawful. This aspect of defendants' objection has been addressed above as it pertained to Kulongoski. It is overruled for the same reasons the argument fails against Kulongoski.

Finally, defendants contend that Kulongoski and Rocklin are entitled to summary judgment on plaintiffs' Fourteenth Amendment claim "because neither defendant made comments of a stigmatizing nature towards plaintiffs." Dfts. Objections at 12. Defendants reiterate arguments concerning the possible ambiguity of Kulongoski's and Rocklin's public disseminations, and assert that neither defendant "accused either plaintiff of immorality or moral turpitude." Dfts. Objection at 13. This court concludes that the Findings and Recommendation correctly analyzed plaintiffs' claim and the evidence presented. There are sufficient grounds to deny defendants' summary judgment motion and to allow plaintiffs to proceed on their claim that these defendants made a charge involving either moral turpitude, such as dishonesty, or made a charge that stigmatized plaintiffs. The Findings and Recommendation concluded correctly that these defendants disseminated statements that could impute dishonesty to plaintiffs, and thus significantly burden their future employment opportunities. Defendants' arguments to the contrary fail to establish that their Motion for Summary Judgment should have been granted as to plaintiffs' Fourteenth Amendment claim.

**CONCLUSION**

The Magistrate Judge's Findings and Recommendation [44] is adopted in its totality. Defendants' objections [48] are overruled, and defendants' Motion for Summary Judgment [15] is denied.

IT IS SO ORDERED.

Dated this _15_ day of November, 2007.

                                                Ancer L. Haggerty
                                                United States District Judge

9 - ORDER