FILED'08 MAY 13 11:00USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CECIL TIBBETTS AND DAVID THURBER,

    Plaintiffs,

v.

STATE ACCIDENT INSURANCE FUND
CORPORATION, an Oregon corporation,
and BRENDA ROCKLIN and THEODORE
KULONGOSKI, individually and in
their official capacity,

    Defendants.

Civil No. 06-503-AC

FINDINGS AND RECOMMENDATION

ACOSTA, Magistrate Judge:

*Findings and Recommendation*

Cecil Tibbetts and David Thurber, former employees of the State Accident Insurance Fund Corporation ("SAIF"), filed a Second Amended Complaint against SAIF, Brenda Rocklin and Theodore Kulongoski, in their individual and official capacities, alleging claims for breach of

Page 1 - FINDINGS AND RECOMMENDATION    [LB]

contract and deprivation of liberty interest in violation of 42 U.S.C. § 1983, arising from their discharge. SAIF filed a Motion for Summary Judgment against Tibbetts's and Thurber's section 1983 claim seeking judgment as a matter of law on the grounds that (1) Tibbetts and Thurber did not request a name-clearing hearing, an element of their claim; and (2) SAIF is not a "person" for purposes of section 1983 liability. Oral argument was heard and, for the reasons that follow, SAIF's Motion for Summary Judgment should be denied.

### Statement of Facts

The background facts are known to the parties and need not be repeated here. *See Tibbetts v. State Acc. Ins. Fund,* No. 06-503-AS, 2007 WL 4034677 (D. Or. Nov. 15, 2007). For purposes of this motion, there is only one salient fact for the court's consideration: On or about March 8, 2006, Tibbetts and Thurber's counsel submitted a letter notifying SAIF of Tibbetts's and Thurber's intent to sue on a name-clearing hearing theory. (Hartman Aff. Ex. 7.)

### Legal Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad,* 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324. Assuming that there has been sufficient time for

discovery, summary judgment should be entered against a "party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

## Discussion

In their Fourth Claim for Relief, Tibbetts and Thurber allege, in part, that SAIF violated their "liberty interest protected by the [D]ue [P]rocess [C]lause of the Fourteenth Amendment [of the Constitution] to be free from false charges made under color of law. . . ." (Second Am. Compl. ¶ 36.) Tibbetts and Thurber seek a "name clearing hearing" and damages caused by this denial of due process (Second Am. Compl. ¶ 36.)

To state a due process claim under the Fourteenth Amendment, a plaintiff must demonstrate that defendants' actions deprived him of a property or liberty interest. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985); *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 82 (1978). "A section 1983 claim based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

At issue here is Tibbetts' and Thurber's liberty interest protected by the Due Process Clause that "encompasses an individual's freedom to work and earn a living." *Bollow v. Federal Reserve Bank of San Francisco,* 650 F.2d 1093, 1100 (9th Cir. 1981). When an employee is dismissed for reasons that might seriously damage his reputation or standing in the community, he is entitled to notice and a hearing to clear his name. *Id.* "To implicate constitutional liberty interests, however,

the reasons for dismissal must be sufficiently serious to 'stigmatize' or otherwise burden the individual so that he is not able to take advantage of other employment opportunities." *Id.* at 1101.

SAIF seeks summary judgment against Tibbetts's and Thurber's Fourteenth Amendment claim on the grounds that: (1) they failed to request a name-clearing hearing prior to filing their complaint in this case; and (2) SAIF is not a person under section 1983. The court will consider both of these challenges to determine whether, as a matter of law, judgment should be entered against Tibbetts's and Thurber's section 1983 claim.

1. Name-Clearing Hearing.

The parties dispute whether a request for a name-clearing hearing was a prerequisite to filing the deprivation of liberty interest claim here. SAIF contends that the majority of federal circuits faced with this question have determined a plaintiff is required to request a name-clearing hearing prior to filing a deprivation of liberty interest claim based on a failure to provide such a hearing. *See, e.g., Winskowski v. City of Stephen*, 442 F.3d 1107, 1111 (8th Cir. 2006); *Wojcik v. Mass. State Lottery Comm'n.*, 300 F.3d 92, 103 (1st Cir. 2002); *Ludwig v. Bd. of Trustees of Ferris State Univ.*, 123 F.3d 404, 411 (6th Cir. 1997); *Rosenstein v. City of Dallas, Tex.*, 876 F.2d 392, 395-96 (5th Cir. 1989), *rehearing granted and opinion reinstated in relevant part by*, 901 F.2d 61 (5th Cir. 1990). Conversely, Tibbetts and Thurber argue that the Ninth Circuit has never required plaintiffs to request a name-clearing hearing and, in any event, they requested such a hearing from SAIF. *See, e.g., Sizemore v. City of Madras*, No. 02-74-KI, 2005 WL 273006 at *4 (D. Or. Feb. 2, 2005).

Neither the Supreme Court nor the Ninth Circuit have required plaintiffs to request a name-clearing hearing prior to filing a section 1983 action for deprivation of a liberty interest for a failure to provide a hearing. Rather, the rule promulgated by the Supreme Court over thirty-five years ago

Page 4 - FINDINGS AND RECOMMENDATION                                                            [LB]

states simply that: "For where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 573 (1972); *accord Bollow*, 650 F.2d at 1100.

While some federal circuits do require plaintiffs to request a name-clearing hearing as a prerequisite to filing a due process claim such as the one alleged here, no such requirement has yet been imposed in this circuit. Ninth Circuit case law is clear that to trigger the procedural protections of due process attendant to a properly presented liberty interest claim a plaintiff must show only that: (1) the accuracy of the charge is contested; (2) there is some public disclosure of the charge; and (3) the charge is made in connection with the termination of employment. *Brady v. Gebbie*, 859 F.2d 1543, 1554 (9th Cir 1988)*(citing Matthews v. Harney County Oregon School Dist. No. 4*, 819 F.2d 889, 892 (9th Cir. 1987)); *compare Wojcik*, 300 F.3d at 103 (to successfully establish a claim for the deprivation of a liberty interest without due process the court requires employees to satisfy five elements, including requirement that the government must have failed to comply with the employee's request for an adequate name-clearing opportunity).

In *Brady*, the court considered, among other things, whether meeting with the employee's supervisor prior to discharge to discuss charges that were being made constitutes a sufficient name-clearing hearing to satisfy due process guarantees. The court concluded that such a meeting was not constitutionally adequate and stated that:

> [A]lthough a hearing where the individual has an opportunity to rebut the charges against him is always required in due process cases, when the hearing must be held and what procedural protections must be given at the hearing are determined on a case-by-case basis.
Page 5 - FINDINGS AND RECOMMENDATION                                      [LB]

*Brady*, 859 F.2d at 1554. The court in *Brady* concluded that there was evidence from which a jury reasonably could conclude that Brady had not been given minimal due process or an opportunity to be heard in a meaningful manner in an attempt to clear his name. With respect to the hearing requirement following the deprivation of a liberty interest, the Supreme Court and Ninth Circuit have stated simply that due process guarantees "an opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *accord Brady*, 859 F.2d at 1554 ("At a minimum, due process requires notice and a hearing where the individual has a meaningful opportunity to confront the evidence against him.").

Finally, even if the Supreme Court or Ninth Circuit were to impose the requirement that a plaintiff must first request a name-clearing hearing before he can challenge a defendant's failure to comport with due process by providing such a hearing, this court finds that the communications from Tibbetts and Thurber to SAIF were sufficient to satisfy the requirement. Specifically, Tibbetts and Thurber offered the following communications as evidence of a request for a hearing:

- During there termination meeting Tibbetts and Thurber disputed that SAIF had any basis to terminate their employment. (Rocklin Depo. Ex. 3 and 7.)

- Within thirty days of termination from SAIF, Tibbetts contacted SAIF's Employee Relations Manager and "explained that [he] disputed the manner in which SAIF had terminated [his] employment and inquired whether . . . Brenda Rocklin would provide David Thurber and [him] an opportunity to talk about the termination[s]." (Tibbetts Aff. ¶ 2.) Tibbetts and Thurber were informed that Rocklin was not interested in such a conversation. (Tibbetts Aff. ¶ 2.)

- Approximately one month after termination from SAIF, Thurber sent Rocklin a letter notifying her that he viewed his performance at SAIF as excellent and he disputed any basis for denial of severance. (Thurber Aff. ¶ 2, Ex. 1.)

These communications from Tibbetts and Thurber provided adequate notice to SAIF of the need for a name-clearing hearing to avoid liability under section 1983 for deprivation of a liberty interest. *See, e.g., Ersek v. Township of Springfield,* 102 F.3d 79, 84 n.8 (3th Cir. 1996)(court declines to hold plaintiff required to request name-clearing hearing and finds sufficient plaintiff's attorney's pre-filing letter that plaintiff was never provided an opportunity to respond); *Rosenstein,* 876 F.2d at 396 (court construed police officer's request for access to an established appeals procedure as a request for a name-clearing hearing); *see also O'Donnell v. Barry,* 148 F.3d 1126, 1140 n.4 (D.C. Cir. 1998)(plaintiff's due process claims are not foreclosed for failure to request a name-clearing hearing provided it is reasonably clear that plaintiff complains, in part, of the lack of a hearing); *compare Ludwig,* 123 F.3d at 411 (court found letter was insufficient to alert the University that plaintiff was complaining of a lack of due process in connection with a liberty interest as opposed to a lack of due process in connection with his claimed property interested -- a claim he had bee asserting for sometime). This court is satisfied that the communications from Tibbetts and Thurber to SAIF would satisfy a request for a name-clearing hearing should either the Ninth Circuit or the Supreme Court impose such a requirement. SAIF's request for summary judgment on the ground that Tibbetts and Thurber failed to request a name-clearing hearing prior to filing their section 1983 claim should be denied.

2. Whether SAIF is a "Person".

Relying on *Johnson v. SAIF Corp.*, 343 Or. 139, 164 P.3d 278 (2007), Tibbetts and Thurber filed a Second Amended Complaint to add SAIF as a defendant in their 42 U.S.C. § 1983 claim. The court in *Johnson,* held that SAIF did "not share the state's immunity under the Eleventh Amendment and therefore is a 'person' for purposes of claims under 42 [U.S.C. §] 1983." *Id.* at 158.

Nevertheless, SAIF seeks summary judgment on the ground that it is not a "person" under section 1983. According to SAIF, the Oregon Supreme Court "misapplied the first factor of the test in determining that SAIF is not an arm of the state for purposes of the Eleventh Amendment." (Def.'s Mem. Supp. Summ. J. 9.) Specifically, SAIF contends that the Oregon Supreme Court improperly considered whether the state treasury ultimately may be reimbursed. Rather, SAIF argues, the court was required to determine whether the state potentially may be liable for the award, regardless of third-party reimbursement. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 431 (1997).

After a careful review of the Oregon Supreme Court's analysis in *Johnson*, this Court declines to reach a contrary conclusion. Indeed, the Oregon Supreme Court considered the very issue propounded by SAIF here -- the state's potential legal liability.

> SAIF has pointed to no case, statute, rule or state policy *other* than its participation in the state's risk management pool that suggests that the state treasury would be liable for a judgment against SAIF. On the contrary, the legislature created SAIF as an independent public corporation, which suggests that the legislature did not intend for the state to be liable for SAIF's obligations.

*See Johnson*, 343 Or. at 155-56. (emphasis in original).

Finally, this Court notes that Eleventh Amendment immunity "must be proved by the party that asserts it and would benefit from its acceptance." *ITSI T.V. Prod., Inc. v. Agric. Ass'n*, 3 F.3d 1289, 1291 (9th Cir. 1993). In this case, SAIF requests this Court disregard the carefully reasoned decision by the Oregon Supreme Court in *Johnson*, a decision that is entitled to some deference, and find that it is not a person under section 1983 and entitled to Eleventh Amendment immunity. The Court declines to do so. SAIF has failed in its burden to establish its entitlement to Eleventh Amendment immunity, therefore, its request for summary judgment should be denied.

*Conclusion*

Based on the foregoing, SAIF's Motion for Summary Judgment (doc. #76) should be DENIED.

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **May 27, 2008**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 13th day of May 2008.

/s/ John V. Acosta
John V. Acosta
United States Magistrate Judge