FILED'08 SEP 04 16:05 USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CECIL TIBBETTS and DAVID THURBER,

        Plaintiffs,

v.

STATE ACCIDENT INSURANCE FUND
CORPORATION, an Oregon corporation, and
BRENDA ROCKLIN and THEODORE
KULONGOSKI, individually and in their official
capacity,

        Defendants.

Civil No. 06-503-AC

ORDER

HAGGERTY, Chief Judge:

        Magistrate Judge Acosta issued a Findings and Recommendation [98] recommending that the motion seeking summary judgment [76] advanced by defendant State Accident Insurance Fund (SAIF) be denied. Objections [99] to portions of the Findings and Recommendation were filed by defendants. The matter was then referred to this court for review.

        When a party objects to any portion of a Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Findings and Recommendation. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Defendants filed objections in a timely manner. The court has given the file of this case a *de novo* review, and has also

1 -- ORDER

carefully evaluated the Magistrate's Findings and Recommendations, defendants' objections, and the record of the case. This court adopts the Findings and Recommendation.

Defendants assert three objections. First, defendants contend that the Findings and Recommendation erred in concluding that plaintiffs were not required to request a "name-clearing hearing" before pursuing a name-clearing hearing theory in litigation against SAIF. Second, defendants challenge the Findings and Recommendation's conclusion that communications between plaintiffs and SAIF were sufficient to satisfy any possible requirement for a name-clearing hearing, assuming such a request were viewed as a prerequisite in the Ninth Circuit. Defendants' third objection is that the Findings and Recommendation erred in concluding that SAIF should be construed as a "person" for purposes of litigation pursuant to 42 U.S.C. § 1983. These objections are addressed in turn.

1.  <u>Pursuing Name-Clearing Litigation</u>

As noted above, defendants' first objection challenges the Findings and Recommendation's conclusion that plaintiffs were not required to seek a name-clearing hearing before litigating a name-clearing hearing theory against SAIF. The Findings and Recommendation acknowledged SAIF's contention that "the majority of federal circuits" have determined that a plaintiff must first "request a name-clearing hearing prior to filing a deprivation of liberty interest claim based on a failure to provide such a hearing." Findings and Recommendation at 4 (citations omitted). Notwithstanding decisions in other circuits, however, the Findings and Recommendation explained that "Ninth Circuit case law is clear that to trigger the procedural protections of due process attendant to a properly presented liberty interest claim a plaintiff [in the Ninth Circuit] must show only that: (1) the accuracy of the charge is contested;

(2) there is some public disclosure of the charge; and (3) the charge is made in connection with the termination of employment." Findings and Recommendation at 5 (citations omitted).

In resisting this conclusion, defendants tally the number of other circuits offering a divergent view. Objections at 4. Defendants also describe plaintiffs' notice to defendants of their name-clearing theory as occurring merely in filings, and contend that the other circuits reject that kind of notice as inadequate. *Id*.

Furthermore, defendants criticize the Findings and Recommendation's conclusion as being "based on an apparently unpublished opinion from the District of Oregon . . . ." Objections at 3 (citing *Sizemore v. City of Madras*, 2005 WL 273006, at *4 (D. Or. February 2, 2005)).

These arguments are unpersuasive. First, while it is true that a number of other circuits have presented a differing perspective on the issue, the Findings and Recommendation did acknowledge that perspective fully, but cited to the law regarding what is clearly required *in the Ninth Circuit* to trigger the procedural protections of due process. The conclusion that in the Ninth Circuit a plaintiff is not required to request a name-clearing hearing prior to advancing a claim for liberty interest deprivations is correct.

Moreover, contrary to defendants' argument, this conclusion is not "based" upon a single unpublished opinion from this court. The Findings and Recommendation's conclusion is, however, *consistent* with that opinion, and the Findings and Recommendation's reference to the opinion was proper in describing the scope of the reasoning supporting the conclusion.

2.  Communications Between Plaintiffs and Defendants

The Findings and Recommendation concluded in the alternative that "even if the Supreme Court or Ninth Circuit were to impose the requirement that a plaintiff must first request a name-clearing hearing before [that plaintiff] can challenge a defendant's failure to comport with

3 -- ORDER

due process by providing such a hearing, this court finds that the communications from Tibbetts and Thurber to SAIF were sufficient to satisfy the requirement." Findings and Recommendation at 6.

Defendants challenge this conclusion. Defendants argue that the relevant communications between plaintiffs and SAIF should be construed as insufficient for satisfying a presumed requirement for requesting a name-clearing hearing.

The Findings and Recommendation summarized the relevant communications between plaintiffs and defendants:

* plaintiffs disputed that SAIF had any basis to terminate their employment during their termination meeting;

* within thirty days following termination from SAIF, plaintiff Tibbetts advised the SAIF's Employee Relations Manager that he disputed the manner in which SAIF had terminated his employment, and he asked whether defendants would provide plaintiffs with an opportunity to discuss plaintiffs' terminations; and

* approximately one month after termination, plaintiff Thurber provided notice to defendant that he disputed any basis for denial of severance.

Findings and Recommendation at 6 (citations omitted).

The Findings and Recommendation then reviewed three federal court decisions that supported the conclusion that "the communications from Tibbetts and Thurber to SAIF would satisfy a request for a name-clearing hearing should either the Ninth Circuit or the Supreme Court impose such a requirement." Findings and Recommendation at 7 (ctiations and quotations omitted).

4 -- ORDER

Defendants portray the evidence relied upon in the Findings and Recommendation as pertaining merely to "the propriety of the terminations" and amounting to inquiries "into whether the terminations could be discussed," and argues that this evidence should be insufficient as a matter of law to establish that plaintiffs sought to clear their names. Objections at 4-5 (footnote omitted).

After reviewing the record, this court determines that the Findings and Recommendation interpreted the relevant evidence correctly, particularly under the applicable summary judgment standards to which the Magistrate Judge and this court are bound. Accordingly, the "alternative" conclusion that plaintiffs presented sufficient evidence to conclude that they sought opportunities to dispute the charges against them and to clear their name was reasonable and proper.

3.    Construing SAIF as a Person and not as an Arm of the State

Defendants' third objection is that the Findings and Recommendation erred in concluding that SAIF failed to meet its burden to demonstrate, as a matter of law, that it is an "arm of the state" and therefore should not be construed as a "person" for purposes of litigation pursuant to 42 U.S.C. § 1983. The Findings and Recommendation properly gave "some deference" to the reasoning of the Oregon Supreme Court in so concluding. Findings and Recommendation at 8. Specifically, the Findings and Recommendation acknowledged that in a recent decision, the Oregon Supreme Court "held that SAIF did 'not share the state's immunity under the Eleventh Amendment and therefore is a "person" for purposes of claims under 42 [U.S.C. §] 1983.'" Findings and Recommendation at 7 (citing and quoting *Johnson v. SAIF Corp.*, 164 P.3d 278, 289 (Or. 2007)).

The Findings and Recommendation also reasoned correctly that the burden of establishing the propriety of enjoying immunity under the Eleventh Amendment of the United

5 -- ORDER

States Constitution, as defendants ultimately seek to do here, rests with the party that asserts the immunity and would benefit from its invocation. Findings and Recommendation at 8 (quoting *ITSI T.V. Prod., Inc. v. Agric. Ass'n.*, 3 F.3d 1289, 1291 (9th Cir. 1993). Despite an extensive argument from defendants that the Oregon Supreme Court erred in its analysis in *Johnson* – an argument that defendants reassert in their objections before this court – the Magistrate Judge concluded that "SAIF has failed in its burden to establish its entitlement to Eleventh Amendment immunity, therefore, its request for summary judgment should be denied." Findings and Recommendation at 8. This court agrees and adopts this recommendation.

The Magistrate Judge reached this conclusion after carefully reviewing the Oregon Supreme Court's analysis in *Johnson*, and after recognizing that the court considered the state's potential legal liability in reasoning that the legislature created SAIF as an independent public corporation and did not intend for the state to be liable for SAIF's obligations. Findings and Recommendation at 8 (quoting *Johnson*, 164 P.3d at 288 (internal citations and quotations omitted). Defendants' efforts to highlight a perceived inconsistency in the Oregon Supreme Court's holding in *Clarke v. Or. Health Sciences Univ.*, 175 P.3d 418 (Or. 2007) fail.

In the decision, the court ruled that the defendant was a public corporation and an instrumentality of the state. *Id.* at 428. Defendants contend SAIF should be viewed no differently. However – as defendants acknowledge – the *Clarke* court explicitly distinguished its ruling in *Johnson* because "the test for Eleventh Amendment immunity is different than the analysis required to determine whether an entity is an 'instrumentality' of the state for state immunity purposes." *Clarke*, 175 P.3d at 427 n.7 (citation omitted).

This court agrees with the Findings and Recommendation that the Oregon Supreme Court's reasoning in *Johnson* is entitled to some deference on this question. Moreover, the

6 -- ORDER

reaffirmation of *Johnson* and the distinctions that court recognizes between SAIF and a public corporation such as OHSU in its *Clarke* decision is also entitled to deference. Accordingly, this final objection is overruled as well.

## CONCLUSION

Defendants' objections [99] are OVERRULED. The Findings and Recommendation [98] is adopted as follows: individual defendant SAIF's Motion for Summary Judgment [76] is denied.

IT IS SO ORDERED.

Dated this 4 day of September, 2008.

                                                      */s/ Ancer L. Haggerty*
                                                      Ancer L. Haggerty
                                                      United States District Judge